## Rose Tree Fox Hunting Club v. Shoemaker

*Eugene R. Campbell* and *Smith & Cleary*, for plaintiff.

*Daniel W. Shoemaker*, for defendant.

SHADLE, J., January 25, 1973.—Plaintiff brought this action of replevin with bond to recover from defendant possession of certain books, records and papers which defendant held in his capacity as treasurer of plaintiff. Plaintiff filed a bond with corporate surety conditioned that it should maintain its title to such personal property. The sheriff replevied the goods and delivered them to plaintiff. After certain pleadings, on December 6, 1971, plaintiff marked the action discontinued.

On March 23, 1972, defendant instituted an action in assumpsit against plaintiff and its surety, alleging that the bond had been violated by plaintiff's failure to maintain its title and seeking damages by reason thereof. Plaintiff demurred to defendant's complaint in that action. On September 19, 1972, after argument,

we sustained the demurrer on the ground that the discontinuance of the replevin action did not constitute a judicial determination of plaintiff's failure to maintain its title so as to entitle defendant to recover on the bond. See Shoemaker v. Rose v. Rose Tree Fox Hunting Club et al., 86 York 141 (1972). In that opinion, we observed as follows:

"It can be argued that the use-plaintiff was deprived of his opportunity to litigate title to finality by the election of the defendant club to discontinue the replevin action. The answer to that is furnished by Pa. R.C.P. 229(c), which authorizes the court, upon petition and after notice, to strike off a discontinuance in order to protect the rights of any party. Under this provision the use-plaintiff could have sought an order removing the discontinuance so that title might be litigated to finality. Not having done so, he is not presently in a position to proceed in a collateral action against the bond."

Defendant herein lost no time in responding to this cue. He returned to this action and filed herein a petition to strike off the discontinuance ". . . to protect the rights of the defendant from unreasonable inconvenience, vexation, harassment and expense and prejudice." A rule was granted upon plaintiff, to which an answer was filed, and argument was had before the court.

Pennsylvania Rule of Civil Procedure 229(c) provides that "The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

Plaintiff advances two reasons why relief should not be granted to defendant. The first is that defendant has alleged only legal conclusions and not facts as to

the manner in which he has suffered the adverse effects referred to in the rule. However, as we indicated in our prior opinion, by plaintiff's ex parte discontinuance defendant was not only deprived of possession of the articles in question, but was denied the right to litigate to finality his right to possession, and, if he prevailed, to establish what damages, if any, he suffered by being deprived of possession. It is clear without question that such deprivation is unreasonable inconvenience and prejudice. Were it not so, every replevin plaintiff could institute his action, recover the goods, and by a prompt discontinuance foreclose defendant from any right to be heard on the issue of right to possession and damages.

Plaintiff also claims that defendant is guilty of laches in delaying his petition to strike off the discontinuance. There is no merit to this argument. Within four months after the discontinuance, defendant brought his premature action to recover on the bond. Within one month after our opinion was filed noting his error, he moved for relief from the discontinuance. Clearly, there is no unreasonable delay in such sequence.

Defendant is entitled to a removal of plaintiff's discontinuance in this replevin action so that he may litigate herein the issues of whether he was unlawfully deprived of possession of the articles in question, and if so, what pecuniary damages, if any, he sustained as a direct and proximate result thereof. See Pennsylvania Rule of Civil Procedure 1085. Should any such money judgment be entered in his favor, he then would be in a position to proceed in his assumpsit action against plaintiff and its surety to recover that amount from the bond.

## ORDER

And now, to wit, January 25, 1973, the prayer of defendant's petition is granted, the rule thereon is made absolute, and plaintiff's discontinuance herein is stricken off. An exception is noted for plaintiff.